# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :        Case No. 3:06-cr-110

                                    District Judge Thomas M. Rose
   -vs-                            Chief Magistrate Judge Michael R. Merz

                               :

MICHAEL AARON GARNETT,

       Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 22). The record demonstrates Defendant was arrested for being a felon in possession of a firearm, pled guilty to that charge, and was sentenced to thirty-two months confinement, a supervised release term of two years, and a special assessment for the victims of crime of $100. Defendant did not appeal.

       Defendant pleads the following grounds for relief:

> **Ground One:** The petitioner was denied the right to an effective assistance of counsel, in violation of his 6th Amendment [rights].
>
> **Supporting facts:** The trial counsel had unlawfully "negotiated" the petitioner's guaranteed constitutional right within a "Plea Agreement Contract," beyond judicial appropriate standard of laws, failed to challenge the grand jury process, failed to cap the sentence, failed to file pretrial motions, failed to file a timely notice of appeal.
>
> **Ground Two:** The petitioner was exposed to a criminal procedure Rule No. 11 violation. *See U.S. v. Thorne*, 153 F.3d 130 (4th Cir. 1998).
>
> **Supporting Facts:** Trial judge had a legal duty to inform the petitioner of the nature and consequences of supervised release term

1

prior to the plea hearing. The Petitioner had received a sentence "over-LAPS" beyond his maximum guideline range, without trial counsel making any objections in the courtroom and this is an "automatic vacate of an involuntary plea bargain."

**Ground Three:** The Petitioner was exposed to a "miscarriage of justice," when trial counsel had allowed the judge to impose a "juxtaposed-sentence."

**Supporting Facts:** It is well settled that a trial judge "lacks subject matter jurisdiction" to have imposed a court assessment fine in this case and prison officials have no judicial authority to enforce. Restitution fines of court assessment fines "behind bars" when double jeopardy violation has already occurred in plain view of this Court and the petitioner has never been indicted on a civil offense. see *Menna v. New York*, 46 L. Ed. 2d 195.

**Ground Four:** Trial counsel had acted as a "friend to the court" and had violated his ABA canons in this case.

**Supporting Facts:** Trial counsel had a canon code duty to be "loyal" to his or her client and not to deceive the defender [sic] in this case, misrepresent the petitioner on purpose and not to engage into a "fraud" with the Government in "secrecy" to confine the petitioner behind bars, in violation of his 8th Amendment and cause the petitioner to forfeit his direct appeal. A mere "yes or no" answer does not sustain a valid Government's plea.

(Motion, Doc. No. 22, at 4-5.) Defendant did not file a memorandum in support of his Motion and also did not file a reply to the Government's Response, so the Motion is the sole exposition of Defendant's position before the Court.

On the Court's order to do so, the Government answered the Motion and asserted that Defendant was entitled to no relief on the merits.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003).To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the

rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974), quoting *Hill v. United States*, 368 U.S. 424, 428-429, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES*,* §108 (1981). A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993). In particular, collateral review under §2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have

been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

### Ineffective Assistance of Counsel

When liberally construed, Defendant's First, Third, and Fourth Grounds for Relief makes claims that Defendant received the ineffective assistance of trial counsel from his trial attorney. Defendant was represented throughout these proceedings by Attorney Vincent Popp, one of the most experienced private practitioners who is a member of this Court's trial bar.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the

>   defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow,* 977 F.2d 222 (6th Cir. 1992). Defects in assistance that have no probable effect on the trial's outcome do not establish a constitutional violation. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002). To show prejudice the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at sentencing. *Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005)(contains long analysis of cases finding no prejudice).

**Ground One**

In his First Ground for Relief, Petitioner asserts his trial attorney was ineffective because he "unlawfully 'negotiated' the petitioner's guaranteed constitutional right within a "Plea Agreement

5

Contract," beyond judicial appropriate standard of laws, failed to challenge the grand jury process, failed to cap the sentence, failed to file pretrial motions, failed to file a timely notice of appeal."

As pointed out by the United States, this claim is purely conclusory. Defendant does not state what was wrong with the negotiated Plea Agreement, which he himself agreed to and signed after swearing that he understood its provisions. He does not state what "cap" should have been imposed on the sentence, or even what "capping the sentence" means. He does not state that he asked his attorney to appeal, which would have been an unusual request in any event after a negotiated plea and a sentence below the Sentencing Guideline range. There was no grand jury process in this case, so there was no grand jury process to challenge. Finally, he does not say what pretrial motions should have been filed or even suggest how they would have been meritorious.

Defendant's First Ground for Relief is without merit.

### Ground Three

In Ground Three, Defendant asserts his counsel was ineffective for failure to object to a "juxtaposed sentence." The Court has no idea what a "juxtaposed sentence" is or how it violates any constitutional rights. In the Supporting facts, Defendant complains about imposition of restitution or a court assessment fine. The record demonstrates that the only monetary assessment imposed in this case, which was imposed as part of the sentence in open court and ordered by Judge Rose to be collected from prison earnings, was the mandatory $100 assessment for the victims of crime fund. Not only does the Court have subject matter jurisdiction to impose the assessment, but the assessment is absolutely mandatory.

Defendant's Third Ground for Relief is without merit.

### Ground Four

In Ground Four, Defendant asserts that somehow Mr. Popp violated his duty of loyalty to his client and engaged in some sort of secret fraud with the United States.  Again, he gives no particulars of his claim and has not shown, or even argued, how any conduct of Mr. Popp was less than effective assistance of counsel, less than zealous advocacy, or resulted in less than the best outcome which could have been expected.

Defendant's Fourth Ground for Relief is without merit.

### Ground Two

In his Second Ground for Relief, Defendant asserts he was "exposed to a criminal procedure Rule No. 11 violation."  Because a "formal violation of Rule 11 . . . is neither constitutional nor jurisdictional," collateral relief for a Rule 11 violation is not available under 28 U.S.C. § 2255. *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979).  Therefore the Second Ground for Relief does not state a claim upon which relief can be granted under 28 U.S.C. § 2255.

In addition, the Magistrate Judge has examined the plea colloquy and can find no violations of Fed. R. Crim. P. 11 of which Defendant complains.  In particular, Defendant received a sentence below the Guideline Sentencing range and the range itself was less than estimated during the plea colloquy.

Ground Two is without merit.

**Conclusion**

Petitioner's claims are without merit and the § 2255 Motion should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 26, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).